S. BERT KING, JAMES WISELY v. NORTH CAROLINA STATE BOARD OF SANITARIAN EXAMINERS

No. 8510SC1113

JAMES P. ADAMS, WILLIAM McQUEEN v. NORTH CAROLINA STATE BOARD OF SANITARIAN EXAMINERS

No. 8510SC1114

(Filed 5 August 1986)

**1. Health § 1— sanitarians—registration improperly denied**

The superior court correctly ruled that the State Board of Sanitarian Examiners' denial of petitioners' requests for certification as registered sanitarians was affected by an error of law where the Board's denial was based on a finding that petitioners were not engaged in a broad range of environmental health functions indicative of a sanitarian on 1 October 1982, the effective date of a grandfather clause for sanitarian registration, and N.C.G.S. § 90A-51(4) does not require that one be engaged in a broad range of environmental health functions. N.C.G.S. § 90-61(a).

**2. Administrative Law § 8— reversal and remand of board decision—proper**

The superior court did not err by both reversing and remanding decisions of the State Board of Sanitarian Examiners to deny petitioners certification as registered sanitarians where reversal was proper because the Board's decisions were affected by an error of law and remand was necessary so that the Board could make its decisions in accordance with the correct legal standard. N.C.G.S. § 150A-51(4).

APPEALS by respondent appellants from *Read, Judge.* Judgments entered 18 September 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 13 February 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorneys General Robert R. Reilly and Sarah C. Young for respondent appellant.*

*Patrice Solberg for petitioner appellees.*

COZORT, Judge.

Pursuant to Rule 40 of the North Carolina Rules of Appellate Procedure, we consolidate these two cases on appeal because they involve common questions of law.

Respondent, North Carolina State Board of Sanitarian Examiners, appeals the superior court's reversal and remand of its decisions denying petitioners certification as registered sanitarians. We affirm.

All petitioners applied for certification as registered sanitarians under G.S. 90A-61(a). Petitioner King was employed as a water treatment plant consultant with the North Carolina Department of Human Resources, Division of Health Services, Local Services Section. Petitioner Wisely was employed as an Environmental Engineering Technician II with the Department of Human Resources, Division of Health Services, Environmental Health Section, Water Supply Branch. Petitioners Adams and McQueen were employed as Environmental Engineers I with the Department of Human Resources, Division of Health Services, Environmental Health Section, Water Supply Branch. After hearings before the North Carolina State Board of Sanitarian Examiners (hereinafter the "Board") all petitioners were denied certification as registered sanitarians.

Pursuant to G.S. 150A-45 petitioners sought judicial review of the Board's decisions denying them certification as registered sanitarians. The matter came on for hearing in superior court, and the court reversed and remanded the Board's decisions because the Board had acted under a misapprehension of the law when it denied petitioners certification as registered sanitarians on the ground that "petitioners were not engaged in the broad range of environmental health functions, indicative of a sanitarian, on October 1, 1982." The Board then appealed to this Court.

By its assignments of error, the Board contends that the superior court (1) misconstrued a certain finding of fact in the Board's decisions, and (2) exceeded its scope of review pursuant to G.S. 150A-51 in both reversing and remanding the Board's decisions.

[1] G.S. Chapter 90A, Article 4, entitled "Registrations [*sic*] of Sanitarians" (G.S. 90A-50, *et seq.*) was rewritten effective 1 Oc-

tober 1982 and requires mandatory registration for sanitarians. Sanitarian is defined by G.S. 90A-51(4):

> "Sanitarian" is a public health professional qualified by education in the arts and sciences, specialized training, and acceptable environmental health field experience to effectively plan, organize, manage, execute and evaluate one or more of the many diverse elements comprising the field of environmental health.

G.S. 90A-61(a) contains a grandfather clause which provides that "[a]ny person who submits to the Board under oath evidence that such person was practicing as a sanitarian (as defined in G.S. 90A-51(4) of this Article) . . . in the State of North Carolina on October 1, 1982, shall be certified as a registered sanitarian."

In denying the petitioners certification as registered sanitarians the Board found, in finding of fact B5, of each decision, that "[t]he petitioners were not engaged in the broad range of environmental health functions, indicative of a sanitarian, on October 1, 1982." In reversing the Board and remanding the actions to the Board, the superior court ruled in each case "[t]hat based on a review of the record, the briefs filed in this matter and arguments of counsel, the Court determines that the Board denied the petitioners licensure on the basis that they were not engaged in the 'broad range' of environmental health functions." The court further ruled "[t]hat North Carolina law does not require applicants for certification as a sanitarian to be engaged in a 'broad range' of environmental health functions," and "the Board was without authority to require applicants to be engaged in a 'broad range' of environmental health functions." The Board excepts to these rulings.

In Adams' and McQueen's cases the Board argues that,

> the Findings of Fact clearly established that the petitioners were denied certification as registered sanitarians under the grandfather provisions of G.S. 90A-61(a) because they were practicing as environmental engineers on October 1, 1982. The Superior Court's determination that the petitioners were denied licensure because they "were not engaged in the 'broad range' of environmental health functions" . . . misconstrues Finding of Fact B5 and ignores the import of

the other Findings of Fact. The basis of the Board's decision was the Findings of Facts that petitioners "were engaged in the practice of environmental engineering" and that the job specifications and descriptions "accurately reflect(ed) the essential engineering functions of the work performed by the petitioners."

In King's and Wisely's case the Board argues that

the Findings of Fact clearly established that the petitioners were denied certification as registered sanitarians under the grandfather provisions of G.S. 90A-61(a) because they were practicing as assistants to environmental engineers on October 1, 1982. The Superior Court's determination that the petitioners were denied licensure because they "were not engaged in the 'broad range' of environmental health functions" . . . misconstrues Finding of Fact B5 and ignores the import of the other Findings of Fact. The basis of the Board's decision was the Findings of Facts that petitioners "were functioning as assistants to and were supervised by environmental engineers" and that the job specifications and descriptions "accurately reflect(ed) the essential engineering (or water treatment plant consultant) functions of the work performed by the petitioners."

We disagree with the Board and agree with the superior court that the Board's decision to deny petitioners certification as registered sanitarians was based on its findings that "petitioners were not engaged in the broad range of environmental health functions, indicative of a sanitarian, on October 1, 1982" and as such its decision was affected by an error of law.

G.S. 90A-51(4) does not require that a person be engaged in a "broad range of environmental health functions." Rather, the statute plainly requires that in order to be certified as a registered sanitarian one must be "a public health professional qualified . . . to effectively plan, organize, manage, execute and evaluate *one or more* of the many diverse elements comprising the field of environmental health." (Emphasis added.) We affirm the superior court's rulings that the Board's denial of petitioners' request for certification as registered sanitarians was based on its finding of fact B5; that G.S. 90A-51(4) does not require that one be engaged

in a broad range of environmental health functions; and, that the Board's decisions were affected by an error of law.

[2] Next the Board contends that the superior court erred in both reversing and remanding the Board's decisions. We find this argument to be erroneous.

G.S. 150A-51 sets out the superior court's scope of review of the Board's decisions. In conducting this review G.S. 150A-51 allows the superior court to affirm the Board's decision or remand the case for further proceedings. This power is not defined. *Harrell v. Wilson County Schools*, 58 N.C. App. 260, 293 S.E. 2d 687 (1982). Under G.S. 150A-51 the power to reverse the Board's decision is defined. A reversal is allowed if substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are affected by an error of law. G.S. 150A-51(4).

Here the court determined that the substantial rights of the petitioners had been prejudiced because the agency's decisions were affected by an error of law. The court reversed the Board's decisions denying petitioners certification as registered sanitarians and remanded the case to the Board "for further proceedings not inconsistent with this ruling and the laws of the State of North Carolina." The Board's finding that "petitioners were not engaged in the broad range of environmental health functions" did not justify its conclusion that the petitioners were not practicing as sanitarians and its decisions to deny petitioners certification as registered sanitarians. A reversal was proper in this case because the Board's decisions to deny petitioners certification as registered sanitarians because they "were not engaged in the broad range of environmental health functions" was affected by an error of law. A remand is necessary so that the Board can make its decisions in accordance with the correct legal standard.

Affirmed.

Judges WELLS and WHICHARD concur.