JOSEPH HENRY LANDER BOSTON, PETITIONER-APPELLEE v. N.C. PRIVATE PROTECTIVE SERVICES BOARD, RESPONDENT-APPELLANT

No. 892SC66

(Filed 7 November 1989)

**Administrative Law § 4 (NCI3d) — denial of private investigator's license — decision affected by error of law and in excess of statutory authority**

The trial court properly found that respondent's decision to deny petitioner a private investigator's license was affected by an error of law and was in excess of respondent's statutory authority where respondent erroneously determined that experience as a bail bondsman's runner did not qualify as investigative work, and where respondent, by refusing to consider petitioner's runner experience, disregarded the mandate of N.C.G.S. § 74C-3(a)(8) to consider all investigative work in determining whether to issue a license.

**Am Jur 2d, Licenses and Permits §§ 6, 47, 130.**

APPEAL by respondent from *Strickland, Judge.* Order entered 24 October 1988 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 1 September 1989.

This is an appeal from the superior court's reversal of respondent Board's denial of petitioner's application for a private investigator's license.

The North Carolina Protective Services Board (hereinafter Board) licenses and regulates private protective services businesses within this State pursuant to G.S. 74C *et seq.* In April 1987, Joseph Boston, petitioner-appellee, applied to respondent to obtain a private investigator's license submitting evidence of his experience as a detective sergeant with the Washington, North Carolina Police Department, as an investigator for attorneys and as a bail bondsman's runner (hereinafter runner). Petitioner also submitted evidence that he had obtained an Associate's Degree in Police Science. The Board denied petitioner's application on the grounds that he lacked the requisite experience. At petitioner's request a hearing to review the decision was held on 9 September 1987 before an administrative law judge (ALJ). In his proposal for decision, the ALJ found that an applicant must have had three years experience within the past five years in private investigative work as set out in G.S. 74C-8(d)(3). He also found that petitioner had fifteen months experience as a detective sergeant with the Washington, N.C. Police Department from April 1982 through June 1983 and that petitioner worked as bail bondsman from July 1984 through March 1987. Judge Reilly concluded that "[p]etitioner's work as a bail bondsman which involved the obtaining of information with reference to the whereabouts of persons qualifies as private investigative experience under G.S. 74C-8(d)(3) and G.S. 74C-3(8)." In his proposed decision, Judge Reilly stated that petitioner should provide to the Board documentation of the actual hours spent investigating the whereabouts of people so the Board could determine if petitioner had met the experience requirement of G.S. 74C-8(d)(3).

Despite the ALJ's proposal for decision, the Board in its final agency decision affirmed its previous decision to deny the petitioner's request for a license concluding that his work as a bail bondsman did not meet the experience requirement of G.S. 74C-8(d)(3). The petitioner sought judicial review of the Final Agency Decision in the Superior Court of Beaufort County alleging that the decision "erroneously and improperly excluded his work as a bail bondsman" and that the decision failed to consider his educational experience and investigative work performed for attorneys. The trial court entered an order reversing the Board's decision after review of the "whole record." The trial court concluded that the agency de-

cision exceeded its statutory authority in refusing to consider petitioner's experience as a bail bond runner and remanded the case for further consideration of petitioner's application for license as a private investigator. Respondent appeals.

*Jeffrey L. Miller for petitioner-appellee.*

*Attorney General Thornburg, by Assistant Attorney General Teresa L. White, for respondent-appellant.*

EAGLES, Judge.

When reviewing a final administrative decision, the trial judge's conclusion must "rest on whether there was substantial evidence in view of the entire record submitted." *Lackey v. N.C. Dept. of Human Resources*, 306 N.C. 231, 237-8, 293 S.E.2d 171, 176 (1982). We note parenthetically that *Lackey* interpreted G.S. 150A-51(5) which has been recodified intact as G.S. 150B-51(5). This standard of judicial review is known as the "whole record" test. *Id.* at 238, 293 S.E.2d at 176, citing *Thompson v. Wake Cty. Board of Education*, 292 N.C. 406, 233 S.E.2d 538 (1977).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 237, 293 S.E.2d at 176, quoting *Comm. of Ins. v. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977).

Respondent first assigns as error the trial judge's determination that the Board's "Final Agency Decision is 'affected by error of law.'" Respondent argues that G.S. 74C-8(d)(3) provides that "a person must have at least three years experience within the past five years in private investigative work." The respondent further argues that G.S. 74C-3(a)(8) sets out that private investigative work is work done by an individual who is "in the business or accepts employment to furnish, agrees to make, or makes an investigation for the purpose of obtaining information with reference to: . . . ." The respondent states that a runner locates a person for his own use and not someone else so he is "not in the business of" as contemplated by G.S. 74C-3(a)(8). We disagree.

We note initially that G.S. 85C-1(9) defines a runner as "a person employed by a bail bondsman for the purpose of assisting the bail bondsman in presenting the defendant in court when required, or to assist in apprehension and surrender of defendant to the court or keeping defendant under necessary surveil-

**BOSTON v. N.C. PRIVATE PROTECTIVE SERVICES BD.**

[96 N.C. App. 204 (1989)]

lance. . . ." A runner is employed by the bail bondsman and investigates the whereabouts of a particular defendant for his employer. Accordingly, the nature of a runner's work is investigative and the Board erred in not considering it.

Secondly, the respondent assigns as error the trial court's determination that respondent exceeded its statutory authority by refusing to consider petitioner's experience as a runner. The respondent contends that it did not exceed its statutory power since G.S. 74C-5(2)(5) and (6) empowers it to do the following: "(2) . . . determine minimum qualifications, . . . and establish minimum education, experience, and training standards for applicants . . . (5) approve individual applicants to be licensed . . . (6) deny . . . any license . . . to be issued . . . to any applicant or licensee who fails to satisfy the requirements of this Chapter. . . ." Thus, the respondent contends that it was within its power to determine whether the petitioner had the experience required by G.S. 74C-8(d)(3). The respondent also contends that it was the proper body to determine if the petitioner was qualified and the reviewing court's duty was not "to inject its opinion in place of that of the agency who because of its [the agency's] particular expertise had been entrusted with decision making power."

We note that "[a]n administrative agency is a creature of the statute creating it and has only those powers expressly granted to it or those powers included by necessary implication from the legislature grant of authority." *In re Williams*, 58 N.C. App. 273, 279, 293 S.E.2d 680, 685, quoting *In re Broad and Gales Creek Community Association*, 300 N.C. 267, 280, 266 S.E.2d 645, 654 (1980).

While the Board does have the statutory power to grant or deny licenses, it must still act within the scope of its statutory powers. The statutes direct the Board to consider all evidence of experience that is investigative in nature to determine if the applicant had the necessary experience. The Board did in fact recognize that the petitioner worked as a runner but refused to consider that work in satisfaction of the investigative experience requirement. By refusing to consider the runner experience, the Board erroneously disregarded the mandate of G.S. 74C-3(a)(8) to consider all private investigative work. Accordingly, this assignment is overruled.

Next, the respondent argues that the trial court's determination that the Board must consider petitioner's experience as a

BOSTON v. N.C. PRIVATE PROTECTIVE SERVICES BD.

[96 N.C. App. 204 (1989)]

runner for credit as private investigative work was not supported by competent evidence. The Board argues that it had considered the experience when it found that petitioner worked as a runner from July 1984 through March 1987 and found it to be inadequate. We note, however, that in its reply brief the Board stated that the petitioner's experience as a runner did not qualify as private investigative experience. It is clear that the trial court was correct when it found that the Board did not consider petitioner's experience.

In his proposal for decision, the ALJ relied on *King v. Board*, 82 N.C. App. 409, 346 S.E.2d 300 (1986), in interpreting G.S. 74C-3(a)(8). In *King*, applicants were denied a license by the North Carolina State Board of Sanitation Examiners because applicants were not "engaged in a broad range of environmental health functions indicative of a sanitarian." *Id.* at 412, 346 S.E.2d at 302. However, the statute required only that the applicant be engaged in "one or more of the many diverse elements comprising the field of environmental health." *Id.*, 346 S.E.2d at 302. Our court held that this was erroneous and affirmed the trial court's order of remand. Here, we agree that G.S. 74C-8(d)(3) merely contemplated some form of private investigative activities and did not necessarily require experience in a broad range of those activities. Since as a runner petitioner often had to determine the whereabouts of defendants, those activities constituted private investigative work.

Finally, the respondent assigns as error the trial court's reversal of its decision and remand of the matter back to the Board. The Board contends that the "Superior Court cannot substitute its judgment for that of the agency unless the action is so clearly unreasonable as to amount to oppressive and manifest abuse." *State Highway Commission v. Greensboro City Board of Education*, 265 N.C. 35, 48, 43 S.E.2d 87, 97 (1965).

G.S. 150B-51(b)(2) and (4) provide that "a reviewing court may reverse the decision of an agency if the substantial rights of petitioners may have been prejudiced because the agency's findings, inferences, conclusions or decisions are: (2) [i]n excess of statutory authority or jurisdiction of the agency; (4) affected by other error of law."

Since the Board's decision was both in excess of its statutory authority and affected by an error of law, the trial court acted properly when it reversed the decision and remanded this matter for further consideration.

In summary, the trial court correctly ruled that the Board acted improperly and erroneously when it refused to consider the petitioner's experience as a runner. Accordingly, we affirm and remand this matter to the superior court for remand to the respondent Board for reconsideration of petitioner's application consistent with this opinion.

Affirmed.

Judges JOHNSON and GREENE concur.